**FILED**

AUG - 6 2015

~~CLERK~~

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:15-CR-10003-CBK |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| CAROL STANDING CROW, | |
| Defendant. | |

Defendant Carol Standing Crow ("Standing Crow") was charged by information with criminal contempt in violation of 18 U.S.C. § 401(3) arising out of her conduct in connection with her appointment as the third-party custodian in a separate criminal case. Standing Crow moved to dismiss, contending that a third-party custodian cannot be charged with contempt, that the U.S. Attorney does not have authority to initiate contempt proceedings, and that the Court did not request the contempt prosecution as required by Fed. R. Crim. P. 42.

Criminal contempt under § 401(3) is a Class B misdemeanor. Such cases are handled by a U.S. Magistrate pursuant to Fed. R. Crim. P. 58. The magistrate denied defendant's motion to dismiss and the defendant appealed to the District Court as authorized by Rule 58(g).

18 U.S.C. § 401 confers power upon the district court to punish contempt of its authority including:

> (1) Misbehavior of any person it its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transaction; and
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Standing Crow was charged with violating § 401(3) when she failed to enforce the conditions of release for her son, Brett Charles Roach ("Roach"), for whom she was appointed third-party custodian, and failed to report violations of the conditions of Roach's release.

**I. Third-Party Custodian Contempt.**

Standing Crow contends that the information should be dismissed because a third-party custodian cannot be charged with contempt in violation of § 401.

Roach was charged in CR 13-10038 with assault resulting in serious bodily injury to his wife's two year old daughter. The Clerk's record in Roach's case shows that, on June 20, 2013, following a detention hearing at which his mother, Standing Crow, was present, he was released under pretrial supervision to the third party custody of Standing Crow. Roach was released upon the condition, *inter alia*, that he "shall be placed in the custody of Carol Standing Crow who shall:

      (a.)    Supervise Defendant in accordance with all conditions of release;
      (b.)    Use every effort to assure the appearance of Defendant at all scheduled court proceedings; and
      (c.)    Immediately notify Defendant's Services Officer or the U.S. Probation Office whenever Defendant violates any condition of release or disappears.

Roach's release order also contained conditions that he

Reside with Carol Standing Crow and remain within the confines of Carol Sanding Crow's residence or dwelling place at all times except for purposes of working at Prairie Knights Casino and traveling directly to and directly from Prairie Knights Casino for employment purposes; and

Not have any initiated contact, direct or indirect, with anyone under 21 years old.

The Clerk's record also contains a transcript of the detention hearing held on June 20, 2013, wherein Standing Crow was sworn and testified in support of her request that Roach be released to her custody. Following her testimony, the U.S. Magistrate Judge orally set forth the conditions of release, including the condition that Standing Crow "shall immediately notify Pretrial Services or U.S. Probation Office whenever the Defendant violates any conditions of release or disappears." The Magistrate orally ordered that Standing Crow would be required to report any violations of the conditions of Roach's release "or face consequences in court herself."

The information charged that, on or about between the date of Roach's release and September 30, 2014, Standing Crow, while acting as third-party custodian of Roach, allowed Roach to have contact with persons under the age of 18, failed to enforce the curfew set by the Court, and failed to report to the court such violations of Roach's conditions of release. It was alleged in open court and in Roach's presentence report that Standing Crow, who resides in Ft.

2

court su

Yates, North Dakota, drove Roach to a location in Bismarck, North Dakota, to see his wife's children, including the then alleged victim of Roach's offense, who were under the age of 18.

Standing Crow cites authority in support of her contention that a third-party custodian cannot be held in contempt for the actions of the person being supervised, including absconding or the commission of crimes while on release. Those authorities are not applicable in this case where Standing Crow is charged with having violated a court order, not because of Roach's actions, but by her own actions, including her failure to report Roach's bond violations. "It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 507 (8th Cir. 2000). Further, "a nonparty may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order." Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d at 507 (quoting Independent Fed'n of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998)).

Section 401(3) authorizes the Court to punish as contempt a violation of a Court order. The information charges that Standing Crow willfully disobeyed a Court order. The information sufficiently charges the crime of contempt.

## II. Initiation of Charge.

Standing Crow contends the Information should be dismissed because the contempt proceeding was initiated by the United States Attorney rather than by the Court whose order she is charged with violating. She bases her argument on language from the Bail Reform Act that the "judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release." 18 U.S.C. § 3148(c). She concludes that only the Court can initiate contempt proceedings under § 401 for a violation of the conditions of pretrial release.

Standing Crow is not being charged with a violation of the conditions of her or anyone else's pretrial release. She is charged with a violation of a court order that she report any violations of Roach's pretrial release conditions.

Standing Crow contends that the Information must be dismissed because it was not requested by the Court as she claims is required by Fed. R. Crim. P. 42. Rule 42 provides:

> (a) **Disposition After Notice.** Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.

3

(1) **Notice**. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:

(A) state the time and place of the trial;
(B) allow the defendant a reasonable time to prepare a defense; and
(C) state the essential facts constituting the charged criminal contempt and describe it as such.

(2) **Appointing a Prosecutor**. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

(3) **Trial and Disposition**. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

(b) **Summary Disposition**. Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; a magistrate judge may summarily punish a person as provided in 28 U.S.C. § 636(e). The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

Contempt proceedings under 18 U.S.C. § 401 are either civil or criminal in nature. Civil contempt seeks only to coerce a defendant to do what the Court previously ordered the defendant to do and, therefore, civil contempt sanctions may be imposed only "to compensate parties aggrieved by the contumacious conduct or to coerce compliance with the court's orders." Chaganti & Associates, P.C. v. Nowotny, 470 F.3d 1215, 1224 (8th Cir. 2006) (*citing* United States v. United Mine Workers, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). "Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both." United States v. Waggoner, 103 F.3d 724, 727 (8th Cir. 1997) (*quoting* Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968)). As the United States Supreme Court has observed, "[t]he interests of

4

orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril." United States v. United Mine Workers, 330 U.S. at 303, 67 S.Ct. at 701. In United States v. United Mine Workers, defendants were found guilty of both criminal and civil contempt. *Id.*

Criminal contempt has long been understood to be an independent proceeding at law between the public and the defendant and therefore prosecution of criminal contempt is in conformity with the practice in criminal cases. Michaelson v. United States *ex rel* Chicago, St. Pl. M. & O. Ry. Co., 266 U.S. 42, 64-65, 46 S.Ct. 18, 19, 69 L.E. 162 (1924). "Prosecutions for contempt play a significant role in the proper functioning of our judicial system . . . In modern times, procedures in criminal contempt cases have come to mirror those used in ordinary criminal cases." Bloom v. State of Ill., 391 U.S. 194, 207, 88 S. Ct. 1477, 1485, 20 L. Ed. 2d 522 (1968).

There is no requirement that contempt proceedings be initiated by the Court. Contempt proceedings under § 401 may be initiated by indictment or information without any request by the court. United States v. Williams, 622 F.2d 830, 838 (5th Cir. 1980), United States v. Mohsen, 587 F.3d 1028, 1032 (9th Cir. 2009).

Rule 42 was amended in 2002 "to more clearly set out the procedures for conducting a criminal contempt proceeding." Advisory Committee Notes to the 2002 Amendments to Fed. R. Crim. P. 42. "The current rule implicitly recognizes that an attorney for the government may be involved in the prosecution of such cases." *Id.* Rule 7, setting forth the rules for prosecution by indictment or information, was likewise amended in 2002 to add an exception for criminal contempt to the Rule 7(a)(1) requirement that a prosecution for a felony must be initiated by indictment. "While indictment is not a required method of bringing felony criminal contempt charges, however, it is a permissible one. No change in practice is intended." Advisory Committee Notes to the 2002 Amendments to Fed. R. Crim. P. 7 (*citing* United States v. Williams, *supra*.).

Criminal contempt proceedings under 18 U.S.C. § 401 may be initiated by the prosecutor without any request by the judge whose order the defendant is accused of violating. The charges in this case were initiated by the filing of an Information, which is proper under the Federal Rules of Criminal Procedure.

5

The order of United States Magistrate Judge William D. Gerdes denying the defendant's motion to dismiss is **affirmed**.

DATED this 5th day of August, 2015.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

6